## SUPREME COURT.

### OERTEL and JAMES agt. JACOBY.

Where aa action is brought by the plaintiffs to restrain the'defendant from infring-
ing the common law rights of the plaintiffs in a *picture*, by the sale of lithogra-
phic reproductions thereof; and where a similar suit was brought by the plaintiffs
in this court against another defendant, which terminated successfully to
plaintiffs :

*Held* that matters in the present complaint, which set out the proceedings in the
former case—the application for an injunction—the opposition thereto, upon
affidavits—the granting and continuing of the same—the appeal therefrom to
the general term, and the affirmance on such appeal of the injunction, were
not *irrelevant or redundant*.

*New York Special Term, January*, 1872.

THIS was an action by the plaintiffs to restrain the de-
fendant from infringing the common law rights of the plain-
tiffs, in the picture known as the "Rock of Ages," by the
sale of lithographic reproductions thereof. A similar suit
was brought by the plaintiffs in this court, against another
defendant, and will be found reported in 40 *How. Pr. R.* 10.
In the complaint in the present case, the plaintiffs set out the
proceedings in the former case, the application for an injunc-
tion therein, the opposition thereto, upon affidavits, the grant-
ing and continuance of the injunction, the appeal therefrom
to the general term, and the affirmance of such injunction by
the general term. The present defendant moves to strike
out from the complaint all reference to the proceedings in
the former suit, upon the ground that they are irrelevant and
redundant.

ROGER A. PRYOR, *for the motion.*
CLARENCE A. SEWARD, *opposed.*

Oertel agt. Jacoby.

BRADY, J.—The averment in the complaint, that the plaintiffs asserted and vindicated the claim set up here in another action, is not irrelevant or redundant.

It is substantially an allegation that they have not acquiesced in any invasion of their rights, and, in that way, dedicated the picture to public use. This element, though it may not be regarded as a judgment binding upon the defendant in this action, nevertheless has an important bearing on the right of the plaintiffs to the preliminary injunction for which they pray.

If a patentee after obtaining his patent dedicates or surrenders it to the public use, or acquiesces in the public use of it, he is not entitled to the aid of a court of equity to protect it (*Curtis on Patents*, § § 351, 352).

The cases are kindred, and therefore the importance of the averment referred to. Such averment cannot be said to have no substantial relation to the controversy, and it is equally clear that the defendant is not bound to answer it, unless he intends to employ as a defense such use or dedication, in which case its relevancy becomes apparent.

For these reasons, the motion must be denied.